COLUMBUS (City), Plaintiff-Appellee, v. KRANER, Defendant-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 6212. Decided February 23, 1960.

Russell Leach, City Atty., Bernard T. Chupka, City Pros., Columbus, for plaintiff-appellee.

James Maxwell, Jr., Columbus, for defendant-appellant.

(McLAUGHLIN, J, of the Fifth District, sitting by designation in the Tenth District.)

**OPINION**

By DUFFY, J.

The defendant-appellant was found guilty of a violation of the City of Columbus income tax law and was sentenced by the Municipal Court of that city. In the Municipal Court the defendant-appellant made a motion for the court to dismiss the action for the reason that the City of Columbus did not commence its prosecution within one year after the violation of the ordinance as required by §1905.33 R. C.

The defendant-appellant has appealed to this court and the only questions presented for our consideration were whether the trial court erred in overruling the motion for dismissal and was the action barred within one year from the date of the commission of the offense under the provisions of §1905.33 R. C., or did the City have three years within which to commence the action as provided by the ordinances of that city.

The City contends that their ordinance providing for a three year limitation is not unconstitutional as being in conflict with §1905.33 R. C., because under the home rule provision of **Article XVIII, Section 3, Ohio Constitution,** they have the power to exercise local self-government and to adopt and enforce rules providing for the collection and enforcement of the city income tax laws. The City further contends that under the rule of law laid down by the Supreme Court of Ohio in the case of **The Village of Struthers v. Sokol, 108 Oh St 263,** the ordinance is not in

conflict as it merely provides for a greater penalty than that indicated by the revised statute and is therefore constitutional. We were also referred to the case of City of Cincinnati v. Faig, 3 O. O. (2d), 340, 77 Abs 449, in which a ten year statute of limitation was held constitutional by Judge Keefe of the Municipal Court of that city, who based his decision upon the case of City of Youngstown v. Evans, 121 Oh St 342, and Stary et al, v. City of Brooklyn et al, 162 Oh St 120. The City also refers to the case of City of Toledo v. Schudel, 90 Oh Ap 55, involving the same question where the Court of Appeals for Lucas County recognized the power of the city when they held that

"* * * in the absence of exercise of any power by the city, either by charter or ordinance, under section 10, the statute controls. The charter itself so declares.

"There being no limitation by ordinance of the time for prosecuting this action, the statute controls, * * *."

The defendant-appellant feels that §1905.33 R. C., which reads as follows:

"Actions for the recovery of fines, penalties, or forfeitures, or prosecutions for the commission of any offense made punishable by any ordinance of any municipal corporation, shall be commenced within one year after the violation of the ordinance, or commission of the offense." is a statute limiting prosecution by any ordinance of any municipal corporation and is a general law in conflict with the ordinance of the city which provides for a greater period of time in which the city may commence prosecutions for violations of their ordinances.

In the case of City of Youngstown v. Evans, supra, the syllabus reads as follows:

"1. The power conferred upon municipalities to enforce within their limits local police, sanitary and other similar regulations is only limited by general laws in conflict therewith **upon the same subject matter.** (Emphasis added.)

"2. **Sec.** 3628 GC, is not a law defining offenses and prescribing the punishment therefor, and is not therefore effective to bring an ordinance purporting to define and punish offenses in conflict with **Section 3, Article XVIII, Ohio Constitution.**"
and in the case of The Village of Struthers v. Sokol, supra, the Supreme Court stated in paragraphs 2 and 3 of the syllabus, as follows:

"2. In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.

"3. A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because certain specific acts are omitted in the ordinance but referred to in the general law, or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance."

While recognizing the right of the municipalities to prescribe different degrees of penalties than that provided by statute, we believe

that here the state law is directed toward the municipalities and places a limitation upon their actions or activities. The statute, if not in conflict with the Constitution should be effective as a limitation upon the powers of the municipal corporations. **City of Cleveland v. Betts, 168 Oh St 386, 154 N. E. (2d) 917.**

In consideration of the question of greater penalties provided by ordinances as compared with the penalties provided by statute there were no words of limitation upon the authority of the municipalities but here in §1905.33 **R. C.**, the legislature must have intended that this be a limitation upon the authority of the city, as it is directed to "any municipal corporation" and "forbids that which the ordinance permits." For that reason the motion to dismiss should have been sustained as the violation of the ordinance occurred more than one year prior to the commencement of the prosecution.

Judgment is reversed.

BRYANT, PJ, McLAUGHLIN, J, concur.